IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,

      Petitioner,                                  No. CIV S-07-1173 LKK GGH P

    vs.

CISTO,

      Respondent.                             ORDER

_____/

        Petitioner, a state prisoner at California State Prison Solano, has filed a document entitled: "Notice of Motion for relief. Rule 60(b). Request for Evidentary [sic] hearing," wherein he appears to be seeking relief from judgment in the federal district court with respect to his state prison conviction/sentence. However, court records, of which this court takes judicial notice,[1] do not indicate that petitioner has ever filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court; therefore, it appears that no judgment has been rendered in the federal court with respect to petitioner's conviction or sentence for which a Rule 60(b)[2] motion

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v.

1

could be construed as appropriate. Attachments to his filing include copies of state court denials of habeas petitions, but there is no indication that a petition was filed in this court.

In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, petitioner's motion will be denied without prejudice. Petitioner will be provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's June 13, 2007, motion is denied without prejudice;

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

\\\\\

\\\\\

---

Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b)(4) applies where the [§ 2255] "judgment is void." Under Rule 60(b)(6), the catchall avenue, one must demonstrate "any... reason justifying relief from the operation of the judgment" in situations that are not addressed by the specific circumstances delineated in Rule 60(b)(1)-(5). Gonzalez v. Crosby, 545 U.S. 524, 528-529, 125 S. Ct. 2641, 2646 (2005).

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

DATED: 6/25/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/bb
ches1173.nop